UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOLEN GLENN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-0098-WTL-MJD |
| ) | |
| RICHARD BROWN, Superintendent in his ) | |
| Official Capacity; S. ZIMMERMAN. ) | |
| Screening Officer in his Official Capacity; ) | |
| CARPENTER, Correctional Officer in his ) | |
| Official Capacity; ROBERT CARTER, ) | |
| Commissioner in his Official Capacity, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint**

**I.**

The plaintiff, Dolen Glenn's request to proceed *in forma pauperis* [dkt. 2] is **denied as presented**. He shall have **until April 1, 2017**, in which to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on February 28, 2017. 42 U.S.C. § 1915(a)(2). Otherwise, the plaintiff must pay the $400.00 filing fee.

**II.**

Mr. Glenn is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant

who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Here, Mr. Glenn alleges violation of his rights under the United States Constitution and Indiana Constitution based on a disciplinary proceeding in which he was found guilty. He names defendants Richard Brown, Superintendent; S. Zimmerman, Screening Officer; Carpenter, Disciplinary Hearing Officer; and Robert Carter, Commissioner, each in their official capacity as employees of the Indiana Department of Correction. Each claim against the defendants relate the imposition of disciplinary sanctions against him. As presented, these allegations fail to state a claim upon which relief may be granted. Ordinarily, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Lagerstrom*, 463 F.3d at 625 (7th Cir. 2006) (quoting *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999); *see also Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir.1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.");

*Newsome v. McCabe,* 256 F.3d 747, 751-52 (7th Cir. 2001) (holding that no federal constitutional claim-in particular none premised on substantive due process-exists for "malicious prosecution").

In addition, to the extent that the conduct reports and subsequent disciplinary proceeding resulted in the deprivation of earned good time his claims must be **dismissed**. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). Accordingly, claims against defendants are dismissed without prejudice insofar as those claims are based on actions which resulted in the imposition of a sanction which lengthened the anticipated duration of Mr. Glenn's confinement.

Mr. Glenn shall have **through April 3, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 3/1/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DOLEN GLENN
860216
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838